UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARIUS S.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

**DECISION AND ORDER**

1:24-CV-00915 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Darius S. ("Plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act ("Act"), seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). (*See id.*).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 8). For the reasons discussed below, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 8) is denied.

**BACKGROUND**

On January 28, 2022, Plaintiff filed protective applications for DIB and SSI. (*See* Dkt. 4 at 276-89).[1] Plaintiff alleged that he was disabled because of an adverse reaction to the flu and COVID-19 vaccines in his left knee and a torn meniscus in his right knee, with a disability onset date of January 1, 2020. (*See id.* at 298). The Social Security Administration ("SSA") initially denied Plaintiff's applications, as well as upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*See id.* at 72-140). Following a hearing on October 10, 2023, ALJ Jonathan Baird issued an unfavorable decision on December 15, 2023. (*See id.* at 18-71). Plaintiff requested Appeals Council review, which was denied on July 29, 2024. (*See id.* at 5-17). Plaintiff then filed the present action on September 27, 2024. (Dkt. 1).

**LEGAL STANDARDS**

**I.   District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation modified). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by "substantial evidence." *See* 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera*, 697 F.3d

---

[1] Page numbers in docket citations refer to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

at 151 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation modified).  However, "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citation modified).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  *Id.* But if the claimant does have at least one severe impairment, the ALJ continues to step three.  *Id.*

At step three, the ALJ examines whether a claimant's severe impairment meets or medically equals the criteria of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  *Id.* §§ 404.1520(d), 416.920(d).  If the severe impairment meets or medically equals the criteria of a listed impairment and has lasted, or is expected to last,

for a continuous period of at least 12 months, then the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "'A regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* But if he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant, in light of his or her age, education, and work experience, "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citation modified); *see* 20 C.F.R. §§ 404.1560(c), 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). (*See* Dkt. 4 at 21-32). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2020. (*See id.* at 23). At step two, the ALJ found that

Plaintiff suffered from two severe impairments: degenerative joint disease of the bilateral knees and asthma. (*See id.*).

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the Listings. (*See id.* at 24). In particular, the ALJ considered Listings 1.18 and 3.03. (*See id.*). Then, before proceeding to step four, the ALJ concluded that Plaintiff had the RFC to perform "sedentary work" as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that Plaintiff was additionally limited to:

> No more than occasional climbing of ramps and stair[s]; n[o] climbing of ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; he must avoid concentrated to exposure to pulmonary irritants including fumes, odors, dusts, gases, and poorly ventilated areas; he requires a sit stand option that allows for position changes every half hour but would not cause him to be off-task; and he can only stand and walk for one hour in an [eight]-hour workday.

(*See id.* at 25 (citation modified)).

At step four, the ALJ found that Plaintiff had no past relevant work. (*See id.* at 30). But at step five, the ALJ found that Plaintiff, given his age, education, work experience, and RFC, could perform work existing in significant numbers in the national economy as a document preparer, sorter, or telemarketer. (*See id.* at 30-31). Accordingly, the ALJ determined that Plaintiff had not been disabled as defined by the Act between October 1, 2020, and December 15, 2023. (*See id.* at 31).

## II. Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that the ALJ erred in two ways. (*See* Dkt. 6-1 at 8-13). First, Plaintiff argues that the ALJ failed to adopt the most restrictive portions of the

"highly persuasive" opinion of Veronica Smiley-Deleharty, PA-C. (*See id.* at 8-11). Second, Plaintiff argues that the ALJ failed to adequately explain the basis for the sit/stand option in the RFC. (*See id.* at 11-13). For the reasons discussed below, the Court agrees with Plaintiff that the ALJ's assessment of the medical opinion evidence was not supported by substantial evidence.

### A. Evaluation of PA Smiley-Deleharty's Opinion

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). A claimant's RFC need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta*, 508 F. App'x at 56, and remand for further administrative proceedings is unnecessary as long as the ALJ's analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence," *see Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

For claims filed on or after March 27, 2017, such as Plaintiff's, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Further, "when a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this

section." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *See id.* §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his or her consideration of the medical opinion evidence, including how persuasive he or she finds the medical opinions in the case record. *See id.* §§ 404.1520c(b), 416.920c(b). More specifically, the ALJ must explain how he or she considered the "supportability" and "consistency" factors and may—but is not required to—explain how he or she considered the remaining factors. *See id.* §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the regulations provide that "the more relevant the objective medical evidence and supporting evidence presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1) (citation modified). And with respect to "consistency," the regulations provide that "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

On October 17, 2023, PA Smiley-Deleharty completed a "Physical Medical Source Statement" in which she opined, among other things, that Plaintiff could: (1) sit for more than two hours at a time; (2) stand for 30 minutes at a time; (3) sit for at least six hours total during an eight-hour workday; and (4) stand and walk for less than two hours total during an eight-hour workday. (*See* Dkt. 4 at 686-87). She also opined that Plaintiff would need to get up and walk for one-to-five minutes every one-to-five minutes, as well as need to use a cane during periods of occasional standing or walking. (*See id.* at 687).

The ALJ found PA Smiley-Deleharty's opinion "highly persuasive." (*See id.* at 29). He explained that PA Smiley-Deleharty had "cited to [Plaintiff's] symptoms of right knee pain, stiffness and swelling and the objective medical findings of limited mobility of the right knee on flexion and extension testing" in support of her functional limitations. (*See id.*). The ALJ concluded that PA Smiley-Deleharty's "opinion for sedentary work with a sit stand option [was] well supported by her medical analysis and her accompanying treatment records" and based on the persuasiveness of the opinions had accordingly "incorporated her assessments into the residual functional capacity." (*See id.* at 29-30).

Plaintiff does not challenge the ALJ's articulation of the supportability and consistency factors, but faults the ALJ for not adopting the most restrictive portions of PA Smiley-Deleharty's opinion without explanation. (*See* Dkt. 6-1 at 8-11). Of course the ALJ was not obligated to adopt every portion of PA Smiley-Deleharty's opinion just because he found her opinion "highly persuasive." *See, e.g.*, *Cheryl F. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00958-CJS, 2024 WL 1285491, at *11 (W.D.N.Y. Mar. 26, 2024) (explaining that "an ALJ is not required to adopt every limitation contained in a medical

opinion even where . . . he finds the opinion overall to be persuasive."). "However, where an ALJ makes an RFC finding that conflicts with a medical opinion, the ALJ must explain why the conflicting opinion was not adopted." *Id.*, at *12; *Valerie R. v. Comm'r of Soc. Sec.*, No. 22-CV-0226MWP, 2024 WL 3848488, at *6 (W.D.N.Y. Aug. 16, 2024) ("Accordingly, an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions.").

Plaintiff asserts that the ALJ should have adopted PA Smiley-Deleharty's limitation regarding the need to get up and walk for one-to-five minutes, or explained why he did not do so. (*See* Dkt. 6-1 at 9-11). The Court agrees. While the Commissioner argues that this limitation was inconsistent with PA Smiley-Deleharty's other opinion that Plaintiff could sit for more than two hours at a time, and inconsistent with Plaintiff's testimony at the hearing that he could sit for at least 30 minutes at a time (*see id.* at 50-51), neither of these reasons were identified by the ALJ in the decision as a basis to omit this limitation from the RFC. While these generalized arguments may support the ALJ's omission of the limitation, they amount to speculative reasons that cannot be found in the ALJ's decision. The caselaw is clear that the Court cannot affirm the ALJ's decision based on "a post hoc rationalization that is not apparent from the face of the ALJ's decision." *Hall v. Colvin*, 37 F. Supp. 3d 614, 626 (W.D.N.Y. 2014); *see also Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept. . . counsel's post hoc rationalizations for agency action." (citation modified)).

Similarly, Plaintiff argues that the ALJ should have adopted PA Smiley-Deleharty's limitation regarding the use of a cane during occasional standing and walking, or explained

his decision not to include this limitation. (*See* Dkt. 6-1 at 9-11). The Commissioner argues that Plaintiff's testimony that he only needed a cane "to walk . . . far distances," (*see* Dkt. 4 at 49), conflicts with a need for a cane to be included in the RFC. Similarly, the Commissioner points to the April 20, 2022, opinion from consultative examiner Nikita Dave, M.D., who opined that Plaintiff's use of a cane was not medically necessary. (*See id.* at 602-03). But again, the ALJ did not identify these reasons in his decision. Moreover, the ALJ found Dr. Dave's opinion to be of limited persuasion, and PA Smiley-Deleharty's to be highly persuasive, so it is not at all clear that this could have been the basis for his conclusions.

In sum, while the ALJ was under no obligation to incorporate all portions of PA Smiley-Deleharty's opinion simply because he found the opinion to be highly persuasive, if there were portions of the opinion that he was rejecting, he was obligated to explain his reasons for doing so. *See Tammy B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-798-JJM, 2025 WL 2701326, at *4 (W.D.N.Y. Sept. 23, 2025) ("Plaintiff is correct that, generally, 'when an ALJ adopts only portions of a medical opinion, he or she must explain why the remaining portions were rejected.'" (quoting *Julianne E. v. Comm'r of Soc. Sec.*, No. 21-cv-0538-FPG, 2023 WL 3316580, at *2 (W.D.N.Y. 2023))); *Kevin Thomas C. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1037 (CFH), 2022 WL 539392, at *5 (N.D.N.Y. Feb. 23, 2022) ("The ALJ did not reconcile how she was 'persuaded by Dr. Ganesh's opinion' with plaintiff's RFC that does not include carrying, pushing, or pulling limitations."); *Badaszewski v. Comm'r of Soc. Sec.*, No. 18-CV-796-FPG, 2020 WL 486376, at *3 (W.D.N.Y. Jan. 30, 2020) ("Thus, when an ALJ adopts only portions of a medical opinion,

he must explain why he rejected the remaining portions." (citing *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015))); *DiFrancesco v. Comm'r of Soc. Sec.*, No. 18-CV-376-FPG, 2020 WL 467720, at *3 (W.D.N.Y. Jan. 29, 2020) (concluding that ALJ erred where, "despite acknowledging [the medical source's] opinion about [claimant's] need to use a cane for balance, the ALJ failed to incorporate those findings into the RFC and did not explain his decision for failing to do so, as required"). And while there are circumstances under which "an ALJ's failure to provide a clear explanation on this point may not require reversal if the Court can glean the rationale for the ALJ's decision not to adopt the conflicting opinion," *Jaret B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-0896-CJS, 2024 WL 1014051, at *6 (W.D.N.Y. Mar. 8, 2024), here, the Court is unable to discern the basis for the ALJ's determination or able to meaningfully assess whether the omissions could have been outcome-determinative in the ALJ's conclusion on the ultimate question of disability. Accordingly, this amounts to an error that warrants remand. *See Leon T. v. Comm'r of Soc. Sec.,* No. 23-CV-416-LJV, 2026 WL 21218, at *3 (W.D.N.Y. Jan. 5, 2026) (remanding where ALJ found medical opinion persuasive and included many of the opined limitations in the RFC but "said nothing about the most limiting parts of [the] opinion," and "gave no reasons for omitting those limitations, so the Court has no way of knowing whether the ALJ missed them, simply ignored them, or disagreed with them for legitimate reasons."); *Jaret B.*, 2024 WL 1014051, at *8 ("In sum, there is an obvious discrepancy between the RFC finding and two medical opinions which the ALJ found to be persuasive, and the Court cannot glean the

ALJ's rationale from the rest of his decision."). Accordingly, remand is required on this basis.

B.  **Plaintiff's Remaining Arguments**

As mentioned above, Plaintiff has identified additional reasons why he contends that the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined that remand of this matter for further administrative proceedings is necessary, the Court declines to reach those issues. *See, e.g.*, *Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020) (collecting cases).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   March 2, 2026
         Rochester, New York